UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WAYNE SALLEY, | Civil Action No. 22-3764 (MCA) |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER |
| O. DAWSON et al., | |
| Defendants. | |

This matter has been opened to the Court by Plaintiff Wayne Salley's filing of a Complaint pursuant to 42 U.S.C. §1983, an application to proceed *in forma pauperis* ("IFP application"), a motion to amend his Complaint, and a motion to appoint pro bono counsel. ECF Nos. 1, 1-2, 1-3, 2, 3. At this time, the Court grants Plaintiff's IFP application. Because Plaintiff is free to amend his Complaint prior to the Court's screening, pursuant to Fed. R. Civ. P. 15(a), the Court dismisses the motion to amend, ECF No. 2, as moot, screens the Amended Complaint, ECF No. 2-3, and addresses the request for counsel. ECF No. 3.

Federal law requires the Court to screen Plaintiff's Amended Complaint for *sua sponte* dismissal prior to service, and to dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or to dismiss any defendant who is immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is a prisoner at Bayside State Prison and has sued Corrections Officer O. Dawson and Patrick Nogan, Administrator at Northern State Prison, for an incident that occurred on July 9, 2021 at Northern State Prison. Plaintiff alleges that he "was the victim of a brutal assault and battery from another inmate." Amended Complaint at 1. Plaintiff further alleges that the beating "occurred on camera and right in front of "[O]fficer Dawson who displayed 'deliberate

indifference' to what was happening, failing his duty of care owed to protect [Plaintiff] from substantial harm." *Id.* at 2. According to Plaintiff, "Defendant Dawson did nothing to prevent the actions against [Plaintiff] but chose to stand by watching [his] unconscious body be stomped and assaulted to the point of threatening [Plaintiff's] very life." *Id.* at ¶ 8. Plaintiff further alleges that "Defendant Dawson had prior knowledge conveyed to him by the attacker of the possibility of an issue between the attacker and [Plaintiff[,] but took no steps to report or prevent the attack." *See id.* at ¶¶ 3, 8. Plaintiff appears to allege that the inmate who assaulted him has "mental health issues." *See id.* at ¶ 16. Plaintiff further alleges that in failing to report the inmate's complaint about Plaintiff, Defendant Dawson "violated institutional policy[.]" ¶¶ 37-38. Plaintiff also states in passing that Dawson engaged in racial profiling and racial discrimination in connection with this incident. *Id.* at ¶ 46.

Plaintiff brings civil rights claims pursuant to 42 U.S.C. § 1983 and the New Jersey Civil Rights Act ("NJCRA"), also alleges a state law claim for negligence against Dawson. *See id.* at ¶¶ 31-49.

In addition to his claims against Defendant Dawson, Plaintiff appears to sue Patrick Nogan, the Administrator at Bayside State Prison. With respect to Defendant Nogan, Plaintiff alleges the following facts:

> Defendant Patrick Nogan, failed his duty to provide policy and procedures and to properly train officer Dawson as well as potentially other officers in how to respond to situations where someone is being attacked, and how to assess the levels of potential harm in any given situation or to prevent further harm once an incident has been initiated. Training of custody staff in addressing inmates with mental health issues such as Mr. Hall, who was known to have incidents like this one, was the responsibility of the Administrator.

*Id.* at ¶ 16. Plaintiff alleges that "[e]ach defendant is sued individually and in his official capacity. At all times mentioned in this complaint each defendant acted under color of state law." *Id.* at ¶ 17. He seeks injunctive and declaratory relief and damages. *Id.* at ¶¶ 60.

From the outset, the Court dismisses <u>with prejudice</u> the official capacity claims for damages as to both Defendants. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("We hold that neither a State nor its officials acting in their official capacities are 'persons' under § 1983").

The Court next addresses the § 1983 and NJCRA claims against Defendants Dawson in his personal capacity for failure to protect Plaintiff prior to the assault and failure to intervene during the assault.[1] The Eighth Amendment requires prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation omitted). To establish a failure-to-protect claim, a prisoner must show that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm" and (2) prison officials acted with "deliberate indifference"—that is, they knew of and disregarded an excessive risk to his safety. *See id.* at 834, 837; *see also Bistrian v. Levi*, 696 F.3d 352, 367 (3d Cir. 2012) (citations omitted) (noting failure-to-protect § 1983 claim also requires showing that the official's deliberate indifference caused the prisoner harm). Merely negligent conduct is insufficient. *See Farmer*, 511 U.S. at 835, 114 S.Ct. 1970. An official who knows of a risk to a prisoner can avert liability if he shows that he acted reasonably, even if injury still occurred. *Beers–Capitol v. Whetzel*, 256 F.3d 120, 132 (3d Cir. 2001) (citation omitted). In addition, "a corrections officer's failure to

---

[1] Courts have repeatedly construed the NJCRA in terms nearly identical to its federal counterpart: Section 1983. *See generally, Newport v. Fact Concerts*, 453 U.S. 247, 259–261, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981); *Allen v. Fauver*, 167 N.J. 69, 74 768 A.2d 1055 (2001). The Court treats the § 1983 and NJCRA claims together.

intervene in a beating can be the basis of liability for an Eighth Amendment violation under § 1983 if the corrections officer had a reasonable opportunity to intervene and simply refused to do so[.]" *Smith v. Mensinger*, 293 F.3d 641, 650 (3d Cir. 2002).

At this time, the Court will proceed the failure to protect and failure to intervene claims under § 1983 and the NJCRA against Defendant Dawson based on his failure to assist Plaintiff during the assault and his failure to protect Plaintiff prior to the assault. The Court will also proceed the state law negligence claims against Dawson arising from his failure to report the inmate's complaints about Plaintiff prior to the assault and his failure to intervene during the assault.

The Court will dismiss <u>without prejudice</u> the § 1983 and NJCRA equal protection claims against Defendant Dawson for failure to state a claim for relief. The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall ... deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV § 1. "The central purpose of the Clause 'is to prevent the States from purposely discriminating between individuals on the basis of race.'" *Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 543 (3d Cir. 2011) (quoting *Shaw v. Reno*, 509 U.S. 630, 642 (1993)). To bring a claim under § 1983 for the denial of equal protection based on race, a plaintiff must show: (1) he is in a protected class; (2) the defendant acted under the color of state law, *see Elmore v. Cleary*, 399 F.3d 279, 281 (3d Cir. 2005); and (3) the defendant treated the plaintiff differently because of his race, *Keenan v. City of Philadelphia*, 983 F.2d 459, 465 (3d Cir. 1992), or, put differently, acted with a racially discriminatory intent or purpose. *Antonelli v. New Jersey*, 419 F.3d 267, 274 (3d Cir. 2005).

Here, Plaintiff states in conclusory manner that Defendant Dawson engaged in racial profiling or racial discrimination; however, Plaintiff fails to provide any facts showing he belongs

to a protected class and also fails to set forth sufficient facts to suggest that Dawson engaged in intentional racial discrimination by treating Plaintiff differently due to his race.

The Court will also dismiss <u>without prejudice</u> the § 1983 and NJCRA supervisory liability claims against Patrick Nogan for failure to state a claim for relief.  Section 1983 liability requires a "showing of direct responsibility" by named defendants and eschews any "theory of liability" in which defendants played "no affirmative part in depriving any[one] ... of any constitutional rights," *see Rizzo v. Goode*, 423 U.S. 362, 376–77, (1976), including theories of vicarious or *respondeat superior* liability.  *See Merklin v. United States*, 788 F.2d 172, 175 (3d Cir. 1986).  Instead, "[b]ecause vicarious liability is inapplicable to ... § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  *Ashcroft v. Iqbal*, 556 U.S. 676 (2009).  "Each Government official, his or her title notwithstanding, is only liable for his or her own misconduct."  *Id.* at 677.

The Third Circuit has identified two general ways in which a supervisor-defendant, such as Nogan, may be liable for unconstitutional acts undertaken by subordinates: (1) "liability may attach if they, with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm"; or (2) "a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiffs rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct."  *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014) (internal citations and quotations omitted).  "Failure to" claims—failure to train, failure to discipline, or failure to supervise—are generally considered a subcategory of policy or practice liability.  *Id.* at 316–17 (citation omitted).

To hold a supervisor liable because his policies or practices led to an Eighth Amendment violation, "the plaintiff must identify a specific policy or practice that the supervisor failed to employ and show that: (1) the existing policy or practice created an unreasonable risk of the Eighth Amendment injury; (2) the supervisor was aware that the unreasonable risk was created; (3) the supervisor was indifferent to that risk; and (4) the injury resulted from the policy or practice." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 134 (3d Cir. 2001) (citing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)). Where the plaintiff establishes these elements, liability arises because "a state official, by virtue of his or her own deliberate indifference to known deficiencies in a government policy or procedure, has allowed to develop an environment where there is an unreasonable risk that a constitutional injury will occur, and that such an injury does occur." *Barkes*, 766 F.3d at 319-20 (emphasis in original). Deliberate indifference in this context may be demonstrated by either "showing that a supervisor failed to adequately respond to a pattern of past occurrences of injuries like the plaintiff's," or "by showing that the risk of constitutionally cognizable harm was 'so great and so obvious that the risk and failure of supervisory officials to respond will alone' support the finding that the two-part test is met." *Beers-Capitol*, 256 F.3d at 136-37 (citing *Sample*, 885 F.2d at 1099). "The simplest way for a plaintiff to make out such a claim is to demonstrate a supervisor's failure to respond appropriately when confronted by a pattern of injuries similar to the plaintiff's, thereby suggesting deliberate indifference on the part of the supervisor." *Counterman v. Warren Cnty. Corr. Facility*, 176 F. App'x. 234, 240-241 (3d Cir. 2006) (citing *Sample*, 885 F.2d at 1118).

Here, Plaintiff alleges civil rights claims against Defendant Nogan in his supervisory capacity based on his failures to create policies and implement training that would enable corrections officers to respond properly to situations where an inmate is attacked, "assess the levels

of potential harm in any given situation[,]" and/or "prevent further harm once an incident has been initiated." Plaintiff also alleges that Nogan should have provided more "[t]raining of custody staff in addressing inmates with mental health issues[.]" Complaint at ¶ 16.

From the outset, Plaintiff does not provide sufficient facts about the deficiencies in the existing policies or training regarding inmate assaults and mental health issues. And even assuming that Plaintiff adequately identified deficient policies and training by Nogan in these areas, he fails to provide any facts to suggest that Nogan was on notice, through a pattern of similar prior incidents or because it was obvious, that there was a need for additional policies or training in these areas. Because Plaintiff fails to state a deliberate indifference claim against Nogan in his supervisory capacity for deficient policies and training, the § 1983 and NJCRA claims are dismissed without prejudice.

The Court will also deny without prejudice the request for pro bono counsel, subject to renewal if appropriate. *See* ECF No. 2. Plaintiff contends that he is indigent, that he needs a medical expert to assess his injuries, that his requests for documents have been denied, and that he only has a high school education. *See* ECF No. 3-1. Appointment of counsel under 28 U.S.C. § 1915(e)(1) may be made at any point in the litigation and may be made by the Court *sua sponte*. *See Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). The "critical threshold determination" for appointing counsel is whether the case "has arguable merit in fact and law." *See Tabron v. Grace*, 6 F.3d 147, 158 (3d Cir. 1993). In deciding whether to appoint counsel, the Court also considers the following factors: (1) the applicant's ability to present his or her case; (2) the complexity of the legal issues presented; (3) the degree to which factual investigation is required and the ability of the applicant to pursue such investigation; (4) whether credibility determinations will play a significant role in the resolution of the applicant's claims; (5) whether the case will require

testimony from expert witnesses; and (6) whether the applicant can afford counsel on his or her own behalf. *Tabron*, 6 F.3d at 155-157.

The Court finds at this early stage that Plaintiff's case has arguable merit, and that he is indigent. The remaining factors do not weigh in Plaintiff's favor at this time. It is not clear at this early juncture whether Plaintiff will require a medical expert or whether the Defendant will even contest Plaintiff's injuries. The degree of factual investigation needed and Plaintiff's ability to engage in factual investigation is also unclear at this time, and once the case is proceeded, the Defendant will be required to turn over responsive documents in discovery. Despite his lack of formal education, Plaintiff also appears able to represent himself, and the issues do not appear to involve complex legal issues and/or credibility determinations at this point. As such, the Court will deny the motion for pro bono counsel <u>without prejudice</u>. Plaintiff is free to renew his motion for counsel at a later date, if appropriate.

**IT IS,** therefore, on this 14th day of February 2023,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 1-2) is hereby GRANTED; and it is further

**ORDERED** that the motion to dismiss is dismissed as MOOT; the Amended Complaint (ECF No. 2-3) shall be filed; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(b) and for purposes of account deduction only, the Clerk shall serve a copy of this Order by regular mail upon the Attorney General of the State of New Jersey and the Administrator of Bayside State Prison; and it is further

**ORDERED** that Plaintiff is assessed a filing fee of $350.00 and shall pay the entire filing fee in the manner set forth in this Order pursuant to 28 U.S.C. § 1915(b)(1) and (2), regardless of the outcome of the litigation, meaning that if the Court dismisses the case as a result of its sua

sponte screening, or Plaintiff's case is otherwise administratively terminated or closed, § 1915 does not suspend installment payments of the filing fee or permit refund to the prisoner of the filing fee, or any part of it, that has already been paid; and it is further

**ORDERED** that pursuant to *Bruce v. Samuels*, 136 S. Ct. 627, 632 (2016), if Plaintiff owes fees for more than one court case, whether to a district or appellate court, under the Prison Litigation Reform Act ("PLRA") provision governing the mandatory recoupment of filing fees, Plaintiff's monthly income is subject to a simultaneous, cumulative 20% deduction for each case a court has mandated a deduction under the PLRA; i.e., Plaintiff would be subject to a 40% deduction if there are two such cases, a 60% deduction if there are three such cases, etc., until all fees have been paid in full; and it is further

**ORDERED** that pursuant to 28 U.S.C. § 1915(b)(2), in each month that the amount in Plaintiff's account exceeds $10.00, the agency having custody of Plaintiff shall assess, deduct from Plaintiff's account, and forward to the Clerk of the Court payment equal to 20% of the preceding month's income credited to Plaintiff's account, in accordance with *Bruce*, until the $350.00 filing fee is paid. Each payment shall reference the civil docket numbers of the actions to which the payment should be credited; and it is further

**ORDERED** that pursuant to the Court's screening authority under 28 U.S.C. § 1915(e)(2)(B), the failure to intervene and failure to protect claims, brought pursuant to § 1983 and the NJCRA shall PROCEED against Defendant Dawson; the negligence claims against Defendant Dawson shall also PROCEED; and it is further

**ORDERED** that the equal protection claim against Defendant Dawson is dismissed WITHOUT PREJUDICE for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the § 1983 and NJCRA supervisory liability claims against Defendant Nogan are dismissed WITHOUT PREJUDICE for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the official capacity claims for damages are dismissed WITH PREJUDICE as to Defendants Nogan and Dawson for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B); and it is further

**ORDERED** that the motion for pro bono counsel (ECF No. 3) is denied WITHOUT PREJUDICE; and it is further

**ORDERED** that the Clerk of the Court shall provide Plaintiff with a copy of the USM-285 form for Defendant Dawson; and it is further

**ORDERED** that Plaintiff shall complete the form for Defendant Dawson, and return them to the Clerk of the Court; and it is further

**ORDERED** that upon Plaintiff's sending of the completed forms to the Clerk of the Court, the Clerk shall issue summons, and the United States Marshal shall serve a copy of the Amended Complaint (ECF No. 2-3), summons, and this Order upon Defendant pursuant to 28 U.S.C. § 1915(d), with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendant shall file and serve a responsive pleading within the time specified by Federal Rule of Civil Procedure 12; and it is further

**ORDERED** that, pursuant to 28 U.S.C. § 1915(e)(1) and § 4(a) of Appendix H of the Local Civil Rules, the Clerk shall notify Plaintiff of the opportunity to apply in writing to the assigned judge for the appointment of pro bono counsel; and it is further

**ORDERED** that, if at any time prior to the filing of a notice of appearance by Defendant(s), Plaintiff seeks the appointment of pro bono counsel or other relief, pursuant to Fed. R. Civ. P. 5(a)

and (d), Plaintiff shall (1) serve a copy of the application by regular mail upon each party at his last known address and (2) file a Certificate of Service;[2] and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with copies of this Memorandum and Order via regular mail.

_____
Hon. Madeline Cox Arleo
United States District Judge

---

[2] After an attorney files a notice of appearance on behalf of a Defendant, the attorney will automatically be electronically served all documents that are filed in the case.