UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WAYNE SALLEY,

        *Plaintiff*,

   v.

O. DAWSON,

        *Defendant.*

No. 22-cv-03764 (MEF)(JBC)

OPINION and ORDER

Table of Contents

I.   Background
    A.   The Evidence
    B.   The Lawsuit
    C.   The Motion
II.  The Federal Claim
III. The State Claim
IV.  Conclusion

\* \* \*

A prisoner was attacked by his cellmate, in the presence of a corrections officer.

The prisoner sued, claiming that the officer violated federal law by not protecting him.

The officer moved for summary judgment on that claim, citing qualified immunity.

The motion is granted.

\* \* \*

I.   Background

    A.   The Evidence

The undisputed evidence, as relevant for now, is set out here.

A prisoner ("Prisoner")[1] was held at a New Jersey facility.  See Defendant's Statement of Material Facts (ECF 35-1) ¶¶ 1, 5, 7; Plaintiff's Response to Defendant's Statement of Material Facts ("Plaintiff's Response") (ECF 38-1) ¶¶ 1, 5, 7.

During July of 2021, he was assigned a new cellmate ("Cellmate").  See Defendant's Statement of Material Facts ¶¶ 17-22; Plaintiff's Response ¶¶ 17-22.

The men did not know each other before being put into a cell together.  See Defendant's Statement of Material Facts ¶ 29; Plaintiff's Response ¶ 29.  And their relationship appeared to be "cordial" and "amicable."  See Defendant's Statement of Material Facts ¶ 25; Plaintiff's Response ¶ 25; see also, e.g., Defendant's Statement of Material Facts ¶ 28; Plaintiff's Response ¶ 28.

But two days after they were put into the cell, the Cellmate approached a corrections officer,[2] and told the officer that, overnight, the Prisoner had sexually assaulted him.  See Defendant's Statement of Material Facts ¶ 58; Plaintiff's Response ¶ 58.[3]

The officer "immediately got up to call" his supervisor --- to lock down the area and start an investigation.  See Defendant's Statement of Material Facts ¶ 62; Plaintiff's Response ¶ 62.

"Just as" the officer "was about to make the call," the Cellmate "turned around," hit the Prisoner, and knocked him to the ground.  See Defendant's Statement of Material Facts ¶ 63; Plaintiff's Response ¶ 63; see also Defendant's Statement of Material Facts ¶ 74; Plaintiff's Response ¶ 74.[4]

---

[1] Wayne Salley.

[2] Orville Dawson.

[3] Before this, the officer had not been aware of any difficulties between the men.  See Defendant's Statement of Material Facts ¶ 30; Plaintiff's Response ¶ 30.

[4] Two things.  First, it is not crystal clear why the Cellmate hit the Prisoner.  Maybe, though, because he thought the Prisoner was eavesdropping on what the Cellmate was telling the officer.  See Defendant's Statement of Material Facts ¶ 61; Plaintiff's Response ¶ 61.  Second, when the Prisoner sued, of which more in a moment, the facts set out in the text were

### B. The Lawsuit

In light of the above, the Prisoner sued the officer. From here, the Prisoner is "the Plaintiff," and the officer is "the Defendant."

The Plaintiff's Complaint pressed a federal law claim under a failure-to-protect theory, citing the Eighth Amendment of the United States Constitution. See Amended Complaint ("Complaint") (ECF 2-3) ¶¶ 30-39.

And the Plaintiff also alluded to a state law violation. See id. ¶¶ 40-45.

### C. The Motion

The Defendant has moved for summary judgment.

His core argument: he is entitled to qualified immunity on the federal failure-to-protect claim. See Brief in Support of Defendant's Motion for Summary Judgment (ECF 35-2) at 8-17.

The motion is before the Court.

---

affirmatively "admit[ted]" by him. See Plaintiff's Response ¶¶ 61-63, 74. But the Prisoner also filed a Plaintiff's Counterstatement of Material Facts. See Plaintiff's Counterstatement (ECF 38-2). Per the counterstatement, the Prisoner believed that there "could have been up to 30 minutes" that elapsed between the sexual-assault report by the Cellmate to the Officer and the attack by the Cellmate on the Prisoner. See id. ¶ 2. But this does not create any "genuine dispute." One of the reasons why: the Prisoner thought that up to 30 minutes "could have" elapsed because, he testified, he did not actually know how much time had elapsed. See Plaintiff's Deposition (ECF 35-7) at 56:18 to 57:21 (cited, in part, in Plaintiff's Counterstatement ¶ 2). Therefore, "up to 30 minutes" is speculation, not evidence. It cannot create a genuine dispute. And in any event, any timing dispute would not be material. The federal claim here is disposed of on the ground that the Prisoner failed to carry his qualified immunity burden. See Part II. To that holding, any timing discrepancy --- did the assault happen "just as" the officer was receiving the information, or "could [it] have been" up to 30 minutes later? --- does not matter.

3

## II. The Federal Claim

As to the Plaintiff's Eight Amendment failure-to-protect claim,[5] the Defendant has developed a qualified immunity argument. See id.

"Qualified immunity shields . . . state officials . . . unless a plaintiff pleads facts showing (1) that the official violated a . . . right, and (2) that the right was 'clearly established' at the time of the challenged conduct." Ashcroft v. al-Kidd, 563 U.S. 731, 735 (2011) (cleaned up).

> [O]nce the defendants have started things off by raising qualified immunity, who has to come forward and show what the "clearly established" law actually is?
>
> The plaintiff.
>
> If he does not come forward with sufficiently on-point indications that the relevant law is "clearly established," then the defendant gets qualified immunity.

Courney v. City of Englewood, 2025 WL 2170694, at *4 (D.N.J. July 30, 2025) (collecting cases).

Here, the Plaintiff has not "come forward" with any relevant cases or other legal authorities.

To show that the Eight Amendment right here was "clearly established," the Plaintiff cites two cases. See Brief in Opposition of Defendant O. Dawson's Motion for Summary Judgment ("Brief in Opposition") (ECF 38) at 6.

But these cases, Anderson v. Creighton, 483 U.S. 635 (1987) and Ashcroft v. al-Kidd, 563 U.S. 731 (2011), are not about deliberate indifference claims, see footnote 5, or the Eighth Amendment. And they are not about prisons, or assault, or the scope of correctional officers' duties.

---

[5] To make out such a claim, a plaintiff must demonstrate that: "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012).

4

To be sure, what is needed is "not . . . a case directly on point," so much as "existing precedent" that "placed the . . . constitutional question beyond debate." Mullenix v. Luna, 577 U.S. 7, 12 (2015) (cleaned up).

But cases that do not touch on the "constitutional question" at hand cannot say anything one way or another about any relevant underlying "debate" that might exist. For qualified immunity purposes, off-target cases do not work. They are not "existing precedent" that speaks to what is "clearly established."[6]

The Plaintiff, as noted, has the burden here. See Courney, 2025 WL 2170694, at *4 & n.15. He has not carried it, and so the Defendant is entitled to qualified immunity as to the federal claim pressed against him.[7]

---

[6] There are some contexts in which it is not necessary to come forward with affirmative indications of what is "clearly established." Some violations are too clear cut for that to be necessary. See Courney, 2025 WL 2170694, at *4 n.15. But that is not this case. The undisputed facts suggest that the Defendant was first aware of even the possibility of a difficulty between the Plaintiff and his Cellmate for an exceedingly short period of time. See Part I.A. Indeed, it appears that assault in question took place while the Defendant was first learning that there might potentially be a problem, see id., or maybe within some minutes just after that. See footnote 4. This is hardly the stuff of clear-cut "deliberate indifference," so open-and-shut that the existence of a "clearly established" right can be assumed, not proved.

[7] Note that there is a reference to the Fourteenth Amendment's Equal Protection Clause in the Complaint. See Complaint ¶ 32. But the Complaint presses no allegations that appear related to that claim. And the Plaintiff's legal brief does not mention it. See Brief in Opposition at 1-7. If an Equal Protection claim was ever properly put before the Court here, it is now abandoned. (And if not that, the Defendant is entitled to qualified immunity. He has raised the defense, and the Plaintiff has not brought forward any cases that speak to the "clearly established" contours of Equal Protection rights in this context.)

## III. The State Claim

In addition to a federal claim, the Plaintiff also seems to press a state law claim. See Complaint ¶¶ 40-45.

It is not clear whether this is a common law claim or a statutory claim. (And one way or another, state law immunities are potentially in play.[8])

But there is a more fundamental difficulty.

Before assessing the state law claim, the Court must know that it has jurisdiction over it. See Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998); Baymont Franchise Sys., Inc. v. Narnarayandev, LLC, 348 F.R.D. 220, 227 (D.N.J. 2024) ("Jurisdiction is, as always, the first and fundamental question.") (cleaned up).

Is there jurisdiction over the state law claim? Hard to say. The Complaint cites no relevant jurisdictional statute.

Maybe there is diversity jurisdiction over the state law claim, under Section 1332 of Title 28. But if so, the Complaint is missing critical allegations. Nothing is alleged as to the citizenship of the Defendant.

Or maybe there is supplemental jurisdiction, under Section 1367 of Title 28. But if so, it is not clear that there is still jurisdiction here, given that the anchoring federal claim is no longer live. See Part II.[9]

---

[8] See generally Ferrara v. Monmouth Cnty., 2025 WL 2144085, at *14 (D.N.J. July 29, 2025); Bryan v. Ocean Cnty., 2020 WL 1873019, at *6 (D.N.J. Apr. 15, 2020); Kaseem Ali-X v. Power, 2013 WL 4588615, at *2-3 (D.N.J. Aug. 28, 2013).

[9] "[W]here the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." Hedges v. Musco, 204 F.3d 109, 123 (3d Cir. 2000) (emphasis in original). No one has said anything about any of this here. And it may well be that "pendent state claims" are shot through with questions of state policy, see footnote 8, and should therefore be left for the state's courts, not taken up by this one. See,

The Plaintiff bears the burden of triggering this Court's jurisdiction, see LD Mgmt. LLC v. Marque Star Holdings, LLC, 2025 WL 1276068, at *1 (D.N.J. May 1, 2025), and as to the state law claim, he has not done so.

The Plaintiff shall file a short letter brief on or before August 25 at noon explaining the basis for subject-matter jurisdiction over his state law claim. If no persuasive filing is made by that date, the state law claim will be dismissed for lack of jurisdiction.

## IV. Conclusion

The Defendant's summary judgment motion is granted as to the Plaintiff's federal claim. The Defendant is entitled to qualified immunity on that claim.

IT IS on this 13th day of August, 2025, so **ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

e.g., Pinkston v. City of Jersey City, 699 F. Supp. 3d 298, 305 (D.N.J. 2023).